O’Neall, J.
delivered the opinion of the Court.
The only grounds of appeal argued are those which question the correctness of the instruction of the Judge below, “that even if Samuel Dubose had given the saddle to his son Edwin, yet, inasmuch as he lived with him, and was a minor, it might be laid, in the indictment, to be his (Samuel Dubose’s) property, and that there was therefore no variance in the proof and allegation.” This charge, when understood in reference to the case made, is undoubtedly in conformity to well settled law. The term “given,” used as it was on this occasion, as applying to necessary articles furnished by a parent to a minor child for use, does not necessarily carry, with it the idea of property beyond the parent's control: it means what is very well understood in every domestic circle, that the thing is delivered for use, and although bearing the name of the child using it, and therefore said to be given to him, and to be his, yet it is not so absolutely his property, but that the parent might himself use or sell it. Indeed the child’s possession and right are more that of a bailee, and the parent’s right that of a bailor, than any thing else. When so understood, the law, on general and familiar principles, would sustain the charge. It might be laid to be the property of either. This is exactly the law, as is well settled in many of the Old Bailey cases. Russell, in his second volume, 1134, states the rule to be that clothes and other necessaries provided for children by their parents are often laid to be'the property of the parents, especially while the children are of tender *232 age: but it is holden good either way. This would seem to be the end of the matter, if a saddle be necessary for an infant son. That such is the case, has not been disputed, and indeed the habits of our country put it, as between parent and child, out of the question.
It is true, as has been urged in the argument, a child may have, and indeed very often has, a property in clothes and other necessaries, entirely independent of the father. Tods-gatés case is an illustration of this. There the son was bound to his father, and the clothes were furnished to him, under the stipulations of his indenture of apprenticeship. They were, therefore, as if bought by him. Hence they were his property, over which his father had no control.
The motion' is dismissed.
Richardson, J. Evans, J. Wardlaw, J. and Frost, J. concurred.
Withers, J. absent, from sickness.

Motion refused.